FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
NOV 16 2001


CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINIDAD and ANTONIO VIGIL,
Individually and as Husband and Wife,

    Plaintiffs,

v.    Civ. No. 00-1435 RLP/KBM-ACE

WHIRLPOOL CORPORATION,
a Delaware corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the court are two motions: (1) Defendant's Motion for Sanctions or Alternatively Motion in Limine to Exclude or Limit the Testimony of Don Naylor Due to Plaintiffs' Spoliation of Evidence (the "Spoliation Motion"); and (2) Defendant's Motion to Exclude Testimony of Plaintiff's Proposed Expert Roger W. Bybee (the "Bybee Motion"). The issues were fully briefed by the parties and oral arguments were heard on November 14, 2001. For the reasons set forth below, the Spoliation Motion is denied and the Bybee Motion is granted.

The facts pertinent to both motions indicate that on March 10, 2000, Mrs. Vigil smelled smoke in her house, went into the kitchen and discovered the dishwasher on fire. The parties agree that the dishwasher was off at the time of the fire and that the door to the dishwasher was closed. After the fire, the insurance investigator, Don Naylor, examined the dishwasher, cabinets, and surrounding materials. Everything but the dishwasher was destroyed at some point, but prior to Whirlpool's being notified of the lawsuit.



## The Spoliation Motion

Whirlpool argues that the destruction of the materials surrounding the dishwasher has deprived it of developing a theory as to the cause of the fire other than the dishwasher. Although many photographs of the fire scene were taken, Whirlpool contends that those one-dimensional representations do not indicate depth of charring, path of the fire, etc. Whirlpool seeks a variety of sanctions for the destruction of the evidence, which it concedes was not done in bad faith.

New Mexico law, which applies in this diversity case, recognizes that the court has inherent authority to fashion sanctions for prelitigation spoliation of evidence. *Restaurant Management Co. v. Kidde-Fenwal, Inc.*, 986 P.2d 504 (N.M. Ct. App. 1999). The hallmark of a spoliation claim is that the destroyed evidence must be relevant to the issue for which the party seeks the sanction. *Id.* at 509. Having reviewed the submissions of the parties and having heard oral arguments, the court finds that the materials destroyed are not relevant to Whirlpool's defense. The dishwasher and its component parts were preserved in their entirety. Whirlpool has offered nothing other than speculation that the destroyed materials "could" indicate another source of the fire. Mere speculation about what those materials may or may not have shown is insufficient to justify an inference instruction or to limit Mr. Naylor's testimony. Therefore, Defendant's Motion is denied.

## The Bybee Motion

Whirlpool seeks to exclude the testimony of Plaintiffs' proposed expert, Roger Bybee, a licensed electrical engineer. Mr. Bybee has given his expert opinion that the dishwasher caught fire because resistor R-17 was energized with electricity, which in turn caused the ignition of the electronic control module ("ECM") to ignite. Mr. Bybee agrees

2

with Whirlpool that R-17 does not generate electricity when the dishwasher is in the "off" position, but he contends that another component, the K-1 relay, "must" have malfunctioned, sending electricity to R-17. Mr. Bybee has not tested his theory and indeed states that his theory is untestable because his theory depends on phenomena and data that may or may not be replicated. See Affidavit of Roger W. Bybee, ¶¶ 6-7 attached as Exhibit G to Plaintiff's Response to Defendant's Daubert Motion Regarding Roger Bybee [Doc. 80].

In Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), the Court held that once the trial court determines, "pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue[,]" then a preliminary assessment must be made "of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93. The Court then set forth several factors to be considered:

> Ordinarily, a key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested. . . . Another pertinent consideration is whether the theory or technique has been subjected to peer review and publication. . . . Additionally, in the case of a particular scientific technique, the court ordinarily should consider the known or potential rate of error . . . Finally, "general acceptance" can yet have a bearing on the inquiry. A "reliability assessment does not require, although it does permit, explicit identification of a relevant scientific community and an express determination of a particular degree of acceptance within that community."

Id. at 594 (citations omitted).

The objective of Daubert's gatekeeping requirement "is to ensure the reliability and

3

relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Mr. Bybee's proposed testimony, that something "must" have happened to energize R-17 amounts to nothing more than speculation because of his inability to test his theory. Mr. Bybee's untested theory will not assist the trier of fact because it is in the purview of common knowledge that, indeed, something "must" have happened. Based on the *Daubert* factors cited above, I find that Mr. Bybee will not be permitted to testify at trial.

IT IS THEREFORE ORDERED that Defendant's Motion for Sanctions or Alternatively Motion in Limine to Exclude or Limit the Testimony of Don Naylor Due to Plaintiffs' Spoliation of Evidence [Doc. 55] is denied.

IT IS FURTHER ORDERED THAT Defendant's Motion to Exclude Testimony of Plaintiff's Proposed Expert Roger W. Bybee [Doc. 57] is granted.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)