IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINIDAD and ANTONIO VIGIL,
individually and as husband and wife,

    PLAINTIFFS,

v.                                                                                            Civ. No. 00-1435 RLP/KBM

WHIRLPOOL CORPORATION,
a Delaware Corporation,

    DEFENDANT.

## MEMORANDUM OPINION AND ORDER

Before the court are three motions for reconsideration and one motion in limine submitted by the parties, filed after entry of the court's Order of Mistrial [Doc. 288]:[1] Plaintiffs' Motion to Reconsider Directed Verdict on Punitive Damages; Plaintiffs' Motion to Reconsider Exclusion of Huff Fire; Whirlpool Corporation's Motion to Reconsider Admission of Mucci, Fanth and Fuller Fires; and Whirlpool Corporation's Motion in Limine, which requests the court to preclude any testimony concerning punitive damages. Having read the parties' submissions and the relevant case law, the court discusses all four motions because they are interrelated.

In *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235 (10th Cir. 2000), the Tenth Circuit Court of Appeals, applying New Mexico law, discussed admissibility of evidence for the purposes of causation (existence of defect) and for notice in the imposition of punitive damages.

> The precise degree of similarity required to ensure the relevance of another accident depends on the theory of defect underlying the case. . . . Hence, we require a high degree of similarity when plaintiffs offer other accident evidence to prove causation in their case, but accept a lesser degree of similarity when evidence of

---

[1] The case will be retried on February 24, 2003.

>   other accidents is offered to show the defendant had notice of potential defects in its product.

*Id.* at 1246-47 (citations omitted).

For proof of defect, substantial similarity is required and the similarity is viewed from the perspective of the plaintiff's theory. *Id.* at 1249.  For proof that the defendant has notice of a potential defect, less similarity is required but enough to alert the defendant of a problem or danger.  *Id.* at 1248. These similar incidents may be admissible to show the necessary culpable mental state for imposition of punitive damages; *i.e.*, enough similar instances to allow the jury to make the inference that the defendant had notice of a potential problem and neglected or refused to take action.  *Id.* at 1249.

Plaintiffs' theory of defect is that even when the dishwasher is off, if the door is latched there is sufficient electrical current (or voltage) generated from the control panel to cause a fire.  Substantial similarity, then, would require the dishwasher not running; the door latched; and the dishwasher plugged in.  The fires that are the subject of the instant motions for reconsideration, the so-called Huff, Mucci, Fanth, and Fuller fires, all share these three criteria.  Even though the latter three fires involved an electromechanical control panel rather than the electronic control panel in the Plaintiffs' model, the testimony at trial was that either model would have "electric potential" available when the unit was plugged in and the door was latched.

This court had previously ruled that the issue of punitive damages could not go the jury because, in the court's opinion, there were simply too few incidents to justify the imposition of such an award.  Having reviewed the *Ingersoll-Rand* case at length and relevant New Mexico case law, the court has determined that strict numerosity is not a requirement for submission of that issue to the jury.

As stated by the *Ingersoll-Rand* court, a lesser degree of similarity of incidents is required to show notice sufficient to alert the manufacturer of a problem, but such notice cannot be shown by incidents occurring after the subject claim. On the other hand, to show culpable mental state, incidents occurring both before and after the subject claim are admissible. This is so because in New Mexico, evidence supporting punitive damages need not be admissible on the issue of compensatory damages. 214 F.3d at 1248-49.

Because there exists evidence in this case, viewed in the light most favorable to the Plaintiffs that *could* show notice of potential defect and culpable mental state, then the issue is more appropriate for the jury than the court. A mental state sufficient to support an award of punitive damages is recklessness, which is "defined as the intentional doing of an act with utter indifference to the consequences." *Clay v. Ferrellgas, Inc.*, 881 P.2d 11, 15 (N.M. 1994), *cert. denied*, 513 U.S. 115 (1995). As that court also stated, as the "risk of danger increases, conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state. The circumstances define the conduct: a cavalier attitude toward the lawful management of a dangerous product may raise the wrongdoer's level of conduct to recklessness . . . . In measuring punitive damages, 'the enormity and nature of the wrong' must be assessed.'" *Id.* at 14 (citation omitted).

As the court understands Plaintiffs' theory of the case, they argue that Defendant has been on notice of several fires which have started in dishwashers that were not running but had the door latched. According to Plaintiffs, this notice was sufficient to put a prudent manufacturer on notice of a dangerous defect and yet the Defendant has consistently refused to acknowledge a defect, much less undertake an investigation or issue warnings or a recall.

Such corporate obdurateness, Plaintiffs argue, shows a reckless disregard for the Plaintiffs' rights. (Obviously, the Defendant has another theory of the case, and the court expresses no opinion on either side's theory, but the foregoing only concerns whether the evidence is sufficient to put the issue of punitive damages before the jury.) Based on the case law cited above, the court finds this evidence is sufficient and therefore Plaintiffs may argue punitive damages to the jury. Because of the foregoing rulings, Defendant's Motion in Limine concerning punitive damages is moot.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reconsider Directed Verdict on Punitive Damages [Doc. 292] is granted;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Reconsider Exclusion of Huff Fire [Doc. 309] is granted;

IT IS FURTHER ORDERED that Whirlpool Corporation's Motion to Reconsider Admission of Mucci, Fanth and Fuller Fires [Doc. 300] is denied; and

IT IS FURTHER ORDERED that Whirlpool Corporation's Motion in Limine [Doc. 316] is moot and will be denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)