IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRINIDAD and ANTONIO VIGIL,
individually and as husband and wife,

    PLAINTIFFS,

v.                                                       Civ. No. 00-1435 RLP/KBM

WHIRLPOOL CORPORATION,
a Delaware Corporation,

    DEFENDANT.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion in Limine Regarding the Testimony of Plaintiffs' Expert Raymond Arms. Defendant Whirlpool Corporation mounts a *Daubert-Kumho*[1] challenge to Mr. Arms' expected trial testimony. The *Daubert* standard ensures that the proffered evidence is both "reliable" and "relevant." *Daubert*, 509 U.S. at 589. Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* at 592-93. Relevance depends upon "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id.* at 593.

Basically, Whirlpool argues that Mr. Arms' opinions and theories are no different from a previously excluded expert tendered by the Plaintiffs, Roger Bybee. Whirlpool argues that because Mr. Arms cannot test his opinion it is no more than speculation, which was the basis of exclusion for Mr. Bybee. The court disagrees.

---

[1] Referencing the Supreme Court's decisions in *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) concerning expert testimony.

Mr. Arms is an electrical engineer who is prepared to state that the Vigil kitchen fire was electrical in nature; that other electrical sources were ruled out; and that the pattern of smoke and fire damage indicate the fire started in the control panel of the dishwasher. He bases this opinion on his education, training, experience, observation, and review of materials and documents. As the court understands his testimony, he will state that there is a potential for electrical current in the dishwasher when the door is closed, apparently much the same as in, say, a television or radio has that potential. He will then give his opinion that the electrical fire started in this electrical appliance.

Although most, if not all, of the foregoing is disputed by Whirlpool, mere disagreement as to theory does not make Mr. Arms' testimony devoid of the reasoning and methodology required by *Daubert* or *Kumho*. I agree with Plaintiffs that most of Whirlpool's objections go to weight rather than admissibility.

IT IS THEREFORE ORDERED THAT Defendant's Motion in Limine Regarding the Testimony of Plaintiffs' Expert Raymond Arms [Doc. 313] is denied.

IT IS SO ORDERED.

          Richard L. Puglisi
          United States Magistrate Judge
          (sitting by designation)

FOR THE PLAINTIFFS:   Ripley B. Harwood, Esq.

FOR THE DEFENDANT:   James S. Owens, Jr., Esq.
                              Stan N. Harris, Esq.